**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| WILLIAM DUNN ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 2:11-0080 |
| ] | Judge Sharp |
| TENNESSEE DEPARTMENT OF ] | |
| REVENUE, et al. ] | |
|     Defendants. ] | |

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the United States Penitentiary in Coleman, Florida. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Revenue; Robert Slatton, an employee at the Tennessee Department of Revenue; the Putnam County Sheriff's Office; and three deputies with the Putnam County Sheriff's Office; seeking damages.

On April 24, 2006, the plaintiff was arrested by members of the Putnam County Sheriff's Office. The following day, he received notice of a tax assessment in an amount in excess of $70,000 for possession of unauthorized substances. *See* Tenn. Code Ann. § 67-4-2801, *et seq*. When the plaintiff was unable to immediately satisfy the tax assessment, Robert Slatton, accompanied by deputies from the Putnam County Sheriff's Office, began to seize plaintiff's property and assets.

On July 24, 2009, the Tennessee Supreme Court declared the tax

on unauthorized substances violative of the Tennessee Constitution. <u>Waters v. Farr</u>, 291 S.W.3d 873 (Tenn.2009). The plaintiff now alleges that his property and assets were seized by the defendants in violation of his constitutional rights.

The complaint (Docket Entry No.1) was filed on August 8, 2011. Whether the plaintiff's claims arose with the seizure of his property in 2006, or when the tax on unauthorized substances was struck down in July, 2009, plaintiff's claims are time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint.

Accordingly, the Court concludes that the plaintiff has failed to state a timely claim upon which relief can be granted. <u>Dellis v. Corrections Corp. of America</u>, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate). Under such circumstances, the Court is obliged to dismiss the complaint. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

*Kevin H. Sharp*
_____
Kevin H. Sharp
United States District Judge