## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

WILLIAM DUNN          ]
    **Plaintiff,**          ]
                  ]
**v.**          ]          **No. 2:11-0080**
                  ]          **Judge Sharp**
**TENNESSEE DEPARTMENT OF**          ]
**REVENUE, et al.**          ]
    **Defendants.**          ]


## O R D E R


The Court has before it a *pro se* prisoner complaint (Docket Entry No.1) under 42 U.S.C. § 1983, an application to proceed in forma pauperis (Docket Entry No.2), and a motion for the appointment of counsel (Docket Entry No.3).

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to

the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum contemporaneously entered, the complaint fails to state a timely claim upon which relief can be granted. Consequently, this action is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of four hundred fifty five dollars ($455.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

The dismissal of this action will render the plaintiff's motion for the appointment of counsel MOOT. Said motion, therefore, is DENIED for that reason.

The Clerk is directed to send a copy of this order to the Warden of the United States Penitentiary in Coleman, Florida to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.


_____
Kevin H. Sharp
United States District Judge